## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:17-cv-02203-AB |
| WELLS FARGO & CO, and WELLS FARGO | : | |
| BANK, N.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PARTIES' PROPOSED DISCOVERY PLAN UNDER RULE 26(f)

Pursuant to the Court's Notice of Pretrial Scheduling Conference (ECF No. 44), plaintiff City of Philadelphia ("*City*" or "*Philadelphia*") and defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. ("*Wells Fargo*") (collectively, "*Parties*") respectfully submit the following proposed discovery plan.

## I.    Introduction

A.    **The City's Position:**  The City believes that this case, which raises important policy issues, should proceed efficiently on a reasonable but aggressive schedule.

As explained more fully in the City's Opposition to Wells Fargo's Motion to Stay and to Bifurcate Discovery (ECF. No. 53), which Wells Fargo filed prematurely after refusing to meet and confer, discovery should commence now, within the framework of the Federal Rules, rather than being put on hold.  Opening discovery will facilitate the earlier resolution of the case, which is particularly important given the City's well-supported allegations that Wells Fargo's continuous violation of the Fair Housing Act ("FHA") harms the City and its residents.  By contrast, Wells Fargo's preferred course of delay prejudices the City and creates entirely unnecessary and

pronounced inefficiency for this Court.

      B.    **Wells Fargo's Position:**  Wells Fargo's proposed discovery plan is based on its previously filed motion to temporarily stay discovery pending resolution of its motion to dismiss and to phase initial discovery if the motion to dismiss is denied and the stay is lifted (ECF No. 53).[1]  For the reasons stated in that motion, Wells Fargo proposes that:

- the Court stay discovery until it disposes of the motion to dismiss (ECF No. 25);

- if the Court were to deny the motion to dismiss, then the Parties commence discovery as of the date of that ruling ("***Discovery Commencement Date***"); and

- the Court phase discovery, with initial discovery to focus on the 2-year period in which the City must establish an actionable violation of the Fair Housing Act ("***Phase 1 discovery***").

Wells Fargo proposes a reasonable and expeditious schedule for completing Phase 1 discovery, if necessary, and for the submission of any motions for summary judgment based on Phase 1 discovery.  Following the Court's disposition of any motions for summary judgment based on Phase 1 discovery, if necessary depending on the outcome of any such motions, Wells Fargo proposes that the Court convene a second pretrial scheduling conference to address the scope and timing of further discovery and pretrial deadlines.

## II.    Rule 26(a)(1) Disclosures

      A.    **The City's Position:**  The City agrees with Wells Fargo's suggestion that two weeks is sufficient time for the Parties to exchange Rule 26(a)(1) disclosures, but the City believes that the Parties should exchange those disclosures on November 30, 2017 (approximately two

---

[1] Prior to filing its motion to stay and limit discovery, Wells Fargo met-and-conferred with the City's counsel about whether the City would agree to (1) temporarily stay all discovery pending resolution of the motion to dismiss, and (2) in the event that the motion to dismiss is denied, to limit initial discovery to the threshold merits issue of actionable violations of the Fair Housing Act during the two year statute of limitations period.  The City disagreed and has not changed its position.

weeks after the Rule 16 Conference, taking into account the Thanksgiving Holiday).

      **B.**     **Wells Fargo's Position:**  Wells Fargo proposes that the Parties exchange Rule 26(a)(1) disclosures two weeks after the Discovery Commencement Date.

## III.    Discovery Subjects and Depositions

      **A.**     **The City's Position:**  The City disagrees that discovery should be stayed or limited. The City attempted to meet and confer with Wells Fargo as to a plan for discovery for the overall case (*i.e.*, a discovery plan and schedule for events extending through pretrial briefs with placeholders for the pretrial conference and trial) but Wells Fargo refused to engage on any matter after its proposed Phase 1. Although some of Wells Fargo's proposed discovery subjects and deponents are facially improper (such as discovery concerning the City's retention of counsel for this litigation), several of the topics are potentially within the scope of appropriate discovery for this litigation as a whole, and the City is prepared to meet and confer on each subject and deponent, while reserving all rights to object to specific subjects and/or deponents.

      The City further proposes the following Discovery Subjects and Deponents to the extent known at this time.

      **1.**     **Discovery Subjects.**

- Defendants' policies, practices and procedures concerning mortgage lending applicable to Defendants' operations in the City of Philadelphia;

- Defendants' mortgage lending activities concerning properties in the City of Philadelphia;

- Data on mortgage loans secured by properties in the City of Philadelphia during the relevant time period, including information on borrowers, lending terms, servicing, and defaults;

- Defendants' marketing practices for its mortgage lending activities in the City of Philadelphia;

- Defendants' compensation policies and practices for employees involved in mortgage lending (including, without limitation, loan officers, brokers, underwriters, branch managers, regional executives and compliance team members) in the City of Philadelphia;

- Defendants' fair lending compliance programs, policies and practices;

- Defendants' policies, practices and procedures concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties;

- Defendants' (or third Parties') analyses, reports, studies, or memoranda concerning Defendants' underwriting, originating, purchasing, servicing, pricing, or sale of loans;

- Communications or reports to or of Defendants' Board of Directors (or committee of the Board of Directors) concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties;

- Underlying notes and papers supporting communications or reports to or of Defendants' Board of Directors (or committee of the Board of Directors) concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties;

- Defendants' policies, practices and procedures concerning refinancing mortgage loans in the City of Philadelphia;

- Defendants' policies, practices and procedures concerning the pricing of mortgage loan products, including refinance loans, in the City of Philadelphia;

- Defendants' policies, practices and procedures concerning lender credits available to buyers including, without limitation, how the value or price of lender credits are disclosed or marketed to borrowers and the criteria used to determine whether and when to market lender credits to borrowers in the City of Philadelphia;

- Defendants' tracking of delinquencies and defaults of mortgages in the City of Philadelphia;

- Analyses of the effects of foreclosures, vacancies, defaults, or higher interest rates have on nearby properties and/or neighborhoods;

- Federal, state or local government investigations, inquiries, and or enforcement actions concerning Defendants' mortgage underwriting, originating, purchasing, servicing, pricing, or sale of mortgage loans;

- Defendants' revenues derived from mortgage lending in the City of Philadelphia;

- Analyses, reports, or studies concerning Defendants' revenues, potential revenues, losses or potential losses arising out of the delinquencies, defaults, foreclosures, short sales, deed-in-lieu, or similar default-related events in mortgage lending and servicing;

- Document preservation; and

- Damages.

Absent contrary direction from the Court, the City will serve Rule 34 requests shortly after the Rule 16 Conference.

2.    **<u>Depositions.</u>** The City proposes that each Party may take up to 15 depositions without leave of the Court, not including Rule 30(b)(6) designees or expert depositions. At this time, the City expects to seek depositions of individuals and those serving in the following positions, without limitation:

- Claudia Ross Anderson, former Community Bank Chief Risk Officer;

- Patricia Callahan, former Chief Administrative Officer and head of Operational Risk and Compliance;

- Matthew Raphaelson, former Community Bank Head of Strategic Planning & Finance;

- The Lead Regional President in the Community Bank for the Philadelphia region;

- Loan officers responsible for the issuance of loans in the City of Philadelphia;

- Employees and executives currently employed within Wells Fargo's various compliance related departments (*e.g.*, Corporate Risk, Audit, and Internal Investigations);

- Employees responsible for performing underwriting functions for loans in the City of Philadelphia;

- Employees responsible for Defendants' data collection and data maintenance; and

- Corporate designee(s) pursuant to Fed. R. Civ. P. 30(b)(6) on topics to be defined.

B.      **Wells Fargo's Position:**  Wells Fargo submits that the Court should stay and limit initial Phase 1 discovery for the reasons in Wells Fargo's pending motion (ECF No. 53).   In addition, Wells Fargo proposes that each party may take 15 depositions for Phase 1 discovery. Otherwise, Wells Fargo agrees that unless stipulated by the Parties or ordered by the Court, discovery should proceed in accordance with the Federal Rules of Civil Procedure.

1.      **Discovery Subjects.**  Within 2 weeks after the Discovery Commencement Date, Wells Fargo will voluntarily produce loan data for residential mortgage loans originated during the Fair Housing Act's 2-year limitations period and secured by property in the City of Philadelphia, provided that the Court has entered the protective and confidentiality order discussed in Section VI below.  At this time, Wells Fargo has identified the following subjects for discovery, reserving the right to conduct discovery as to additional subjects that are relevant and proportional to the needs of the case:

- Any pre-suit investigation conducted by the City, including any such investigation into residential mortgage lending by Wells Fargo in the City of Philadelphia, the data and analyses resulting from any such pre-suit investigation, and any other data or analyses on which the City based its allegations in the Complaint or on which it bases its claims in this action.

- Whether Wells Fargo originated any residential mortgage loans secured by real property in the City of Philadelphia that violated the Fair Housing Act and harmed the City.

- The City's property value assessments and its methods for conducting the same, and the impact, if any, on the City's property tax revenues resulting from foreclosures in the City of Philadelphia, including without limitation with respect to foreclosures of mortgages securing Wells Fargo residential mortgage loans.

- The City's provision of municipal services, and any expenditures related thereto, arising from foreclosure proceedings or completed foreclosures in the City of Philadelphia with respect to mortgages securing Wells Fargo residential mortgage loans, including without limitation expenditures on policing, firefighting, enforcing the Philadelphia Code, maintaining vacant structures, and condemning or demolishing vacant structures.

- The City's provision of housing counseling and other housing-related services, and any

6

expenditures related thereto, arising from residential mortgage lending by Wells Fargo in the City of Philadelphia or from foreclosure proceedings or completed foreclosures in the City of Philadelphia with respect to mortgages securing Wells Fargo residential mortgage loans.

- The City's efforts to promote fair housing and to secure the benefits of an integrated community, including without limitation any such efforts performed by the Philadelphia Commission on Human Relations or the Philadelphia Fair Housing Commission, and any actions taken by the City that have caused or perpetuated racial segregation.

- The Residential Mortgage Foreclosure Diversion Program established by the City.

- Any other purported injuries and damages to the City alleged in the Complaint or arising from the claims in this action.

- Whether residential mortgage lending by Wells Fargo in the City of Philadelphia caused—actually or proximately—any injury to the City.

- The allegations of the confidential witnesses referenced in the Complaint.

- The City's annual fair lending analyses of Wells Fargo and other lending entities commissioned by the Philadelphia City Treasurer's Office.

- The Pennsylvania Human Relations Commission complaint against Wells Fargo (PHRC Case No. 201000015), the City's involvement in connection with any aspect of that action and the claims made therein, and any direct or indirect benefit to the City that resulted from the resolution of that action.

- The circumstances surrounding and terms of the City's retention of outside counsel in this matter.

    2.   **Depositions.** At this time, Wells Fargo expects to conduct the depositions of the following persons, reserving the right to conduct additional depositions that are relevant and proportional to the needs of the case:

- The City of Philadelphia pursuant to Fed. R. Civ. P. 30(b)(6) with respect to topics at issue in the Complaint.

- Yet to be identified representatives of the City departments referenced in the Complaint:

    o  Police Department.

    o  Fire Department.

o   Code Enforcement Unit.

o   Licensing & Inspection Department.

o   Commission on Human Relations

o   Fair Housing Commission.

o   Law Department.

o   Managing Director's Office.

o   Office of the Mayor.

o   City Council.

o   Residential Mortgage Foreclosure Diversion Program.

- Yet to be identified current and former City employees responsible for providing the housing counseling services and other housing-related services referenced in the Complaint.

- Other current and former City employees yet to be identified.

- Yet to be identified representatives of the Philadelphia City Treasurer's Office.

- Yet to be identified representatives of the Philadelphia Office of the Director of Finance.

- Yet to be identified representatives of the Philadelphia Property Assessment Office.

- Yet to be identified representatives of the Philadelphia Department of Revenue.

- The confidential witnesses referenced in the Complaint whose identities are as yet unknown.

- Any expert witnesses who may produce a written report on behalf of the City or who may testify for the City.

## IV.   Pretrial Timetable

A.   **The City's Proposal:**

Given the complex nature of this litigation, the City believes that a somewhat extended

discovery timeline is necessary, but that a single discovery period is far more efficient than the

bifurcation Wells Fargo advocates, in which there are serial phases for discovery, experts, and rulings.

| Event | Date |
|---|---|
| Parties May Serve Written Discovery | November 14, 2017 |
| Parties to Exchange Rule 26 Disclosures | November 30, 2017 |
| Parties Certify Substantial Completion of Document and Data Productions | March 23, 2018 |
| Deadline to Amend Pleadings | April 30, 2018 |
| Close of Fact Discovery | September 17, 2018 |
| Parties to Disclose Identities of Experts | September 28, 2018 |
| Parties Exchange Opening Expert Reports | October 8, 2018 |
| Parties Exchange Rebuttal Reports | November 30, 2018 |
| Deadline to Depose Experts | December 22, 2018 |
| Close of Expert Discovery | December 22, 2018 |
| Parties to Complete Mediation and File Mediation Report with the Court | January 31, 2019 |
| Daubert Motion(s) | February 28, 2019 |
| All Motions for Summary Judgment | February 28, 2019 |
| Opposition Briefs to Daubert motion(s) | March 29, 2019 |
| Reply briefs in support of Daubert Motion(s) | April 15, 2019 |
| Opposition Briefs to Any Motions for Summary Judgment | April 29, 2019 |
| Reply Briefs in Support of Any Motions for Summary Judgment | May 17, 2019 |
| Sur-reply Briefs in Opposition to Any Motions for Summary Judgment | May 31, 2019 |
| Pretrial Briefs (including voir dire questions, proposed jury instructions and verdict sheets, and motions in limine) | 60-days after resolution of the later of summary judgment motion(s) or Daubert motion(s) |
| Final Pretrial Conference | At the Court's Convenience |
| Trial | At the Court's Convenience |

The City's proposed schedule follows the typical sequence: fact discovery, followed by expert discovery, followed by dispositive motions and trial.  Given the paramount role of statistical proof and thus expert analysis in both disparate impact and treatment cases, the City's schedule works in rebuttal expert reports as well.   Notably, Wells Fargo's proposed schedule does not even include a briefing timeline for Wells Fargo's intended motion for summary judgment, nor does its

schedule include a timeline for commencing the second phase and subsequent relevant events if Wells Fargo's summary judgment motion is denied.  At the same time, Wells Fargo apparently believes it can pick and choose a very limited record on which the City can demonstrate the continuing violations here.

The prejudice to the City under Wells Fargo's proposal is plain.  Under Wells Fargo's schedule, in fifteen weeks, the parties will take approximately thirty depositions – including expert depositions – before any real discovery is produced and without sufficient time for data to be analyzed, and with no assurance that Wells Fargo intends to produce more than a fraction of the data required for robust analysis.  Expert reports with an ambiguous scope would follow, and then summary judgment, and then the parties would be forced to start the whole process all over again in some still-amorphous second and later phase.  Of course the reality is that the City in no way has to prove its entire case in a few weeks, and disputes over what counts as "phase one" versus "phase two" would render the whole process inefficient.  Indeed, even in its initial list, Wells Fargo proposes discovery subjects and depositions that exceed the scope of its proposed Phase 1, including discovery from outside the limitations period, thereby undermining its contention that bifurcation is appropriate.  Either outcome demonstrates the prejudice to the City: a lengthy phase one, while Wells Fargo is arbitrarily able to sit on other key discovery, makes no sense.  All data should be produced at once; all expert work should be done at once; witnesses—busy corporate representatives and City Officials—should be deposed but once, not serially. An arbitrarily truncated phase one, with an unrealistic schedule, will also damage the City.  Wells Fargo's proposed schedule is unworkable and inappropriate.

B.     **Wells Fargo's Proposal:**  In accordance with the deadlines and timetable contemplated by the Court's Default Scheduling Order (ECF No. 44, Attachment B), Wells Fargo

proposes that Phase 1 of the case would proceed as follows:

| Event | Date |
|---|---|
| Parties commence Phase 1 discovery | As of date Court rules on motion to dismiss if Court were to deny motion ("Discovery Commencement Date") |
| Parties exchange Rule 26(a)(1) disclosures | 2 weeks after Discovery Commencement Date |
| Wells Fargo voluntarily produces loan data for residential mortgage loans originated during the Relevant Period and secured by property in the City of Philadelphia, and policies and procedures relevant to those loans | 2 weeks after Discovery Commencement Date |
| City serves any expert reports | 11 weeks after Discovery Commencement Date |
| Wells Fargo serves any expert reports | 13 weeks after Discovery Commencement Date |
| Parties complete Phase 1 discovery, including deposition of any experts | 15 weeks after Discovery Commencement Date (the "Phase 1 Completion Date") |
| Parties file any motions for summary judgment based on Phase 1 discovery | 4 weeks after Phase 1 Completion Date |

Following the Court's disposition of any motions for summary judgment based on Phase 1 discovery, Wells Fargo respectfully requests that if necessary, the Court convene a further pretrial scheduling conference to address the scope and timing of further discovery, scheduling of any pretrial hearings, deadlines for pretrial filings, scheduling of a Final Pretrial Conference, and scheduling of a trial date.

## V.    Alternative Dispute Resolution

A.    **The City's Position:**  The City believes that mediation with a mutually-agreed mediator would be a productive exercise assuming proper mediation-related disclosures.   In accordance with paragraph 4 of the Court's Notice of October 19, 2017, *see* ECF No. 44, on November 9, 2017 the City sent Wells Fargo a letter setting forth a detailed ADR plan including a proposed information exchange, mediator, and timeline.  The City will be prepared to discuss the

details of the ADR letter at the Rule 16 conference.

   B. **Wells Fargo's Position:** The City's counsel did not make a settlement demand on counsel to Wells Fargo by November 9, 2017, and thus failed to comply with the Court's order that "Plaintiff's counsel ***must*** make a demand on opposing counsel no later than five days prior to the conference." *See* ECF No. 44 at ¶ 4 (emphasis added). Wells Fargo does not believe that ADR would serve a productive purpose at this time and will continue to evaluate the utility of ADR as the case proceeds.

## VI. <u>Other Pretrial Issues</u>

   The Parties anticipate jointly moving for:

   (1) A protective and confidentiality order to permit them to designate information and documents as confidential, proprietary, or private and to restrict the disclosure and use of such information and documents to the prosecution or defense of the claims asserted in this action, while at the same time protecting the public right of access to judicial materials and ensuring against the mass or routine designation of confidentiality. The terms of the Parties' proposed protective and confidentiality order will not bind the Court, and the Court may alter its terms *sua sponte*. The Parties anticipate submitting their proposed protective and confidentiality order to the Court.

   (2) A proposed stipulation concerning the format and conduct of Electronically Stored Information ("ESI"). The Parties anticipate submitting their ESI stipulation to the Court.

Respectfully submitted,

| /s/ *Sherrie R. Savett* | /s/ *Alexander D. Bono* |
|---|---|

Sherrie R. Savett (PA ID 17646)
*ssavett@bm.net*
Sarah Schalman-Bergen (PA ID 206211)
*sschalman-bergen@bm.net*
Patrick F. Madden (PA ID 309991)
*pmadden@bm.net*
Christina M. Black (PA ID 323781)
*cblack@bm.net*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Rachel Geman (pro hac vice)
rgeman@lchb.com
Daniel E. Seltz (pro hac vice)
*dseltz@lchb.com*
John T. Nicolaou (*pro hac vice*)
*jnicolaou@lchb.com*
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street
8th Floor
New York, NY 10013
212-355-9500

Robert Peck (*pro hac vice*)
*robert.peck@cclfirm.com*
**CENTER FOR CONSTITUTIONAL
LITIGATION, P.C.**
50 Riverside Boulevard
Suite 12A
New York, NY 10069
202-944-2874

Erwin Chemerinsky (*pro hac vice*)
*echemerinsky@law.berkeley.edu*
**SCHONBRUN SEPLOW HARRIS &
HOFFMAN, LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
310-396-0731

Alexander D. Bono (PA 25845)
Michael S. Zullo (PA 91827)
Lynne E. Evans (PA 313479)
William Shotzbarger (PA 320490)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
abono@duanemorris.com
mszullo@duanemorris.com
leevans@duanemorris.com
wshotzbarger@duanemorris.com

Paul F. Hancock (admitted *pro hac vice*)
Olivia Kelman (admitted *pro hac vice*)
**K&L GATES LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131-2399
Tel: (305)539-3378
Paul.Hancock@klgates.com
Olivia.Kelman@klgates.com

Andrew C. Glass (admitted *pro hac vice*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3107
Andrew.glass@klgates.com

***Attorneys for Defendants Wells Fargo &
Co. and Wells Fargo Bank, N.A.***

Joel Liberson (*pro hac vice*)
*joel@taresources.com*
**TRIAL & APPELLATE RESOURCES,
P.C.**
3655 Torrance Blvd., 3rd Floor
Torrance, CA 90503
(917) 848-3218

Sozi Pedro Tulante, City Solicitor
Marcel S. Pratt, Chair, Litigation Group
Eleanor N. Ewing, Chief Deputy Solicitor
Benjamin H. Field, Deputy City Solicitor
**CITY OF PHILADELPHIA LAW
DEPARTMENT**
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5000
*sozi.tulante@phila.gov*
*marcel.pratt@phila.gov*
*eleanor.ewing@phila.gov*
*benjamin.field@phila.gov*

*Attorneys for Plaintiff City of Philadelphia*

*Dated:* November 10, 2017