## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 17-2203 |
| v. | : | |
| WELLS FARGO & CO., and | : | |
| WELLS FARGO BANK, N.A., | : | |
| Defendants. | : | |

### <u>ORDER</u>

**AND NOW**, this ___ day of January, 2018, it is **ORDERED** that Wells Fargo's Motion

to Strike Immaterial and Impertinent Allegations (ECF No. 26) is **DENIED**.[1]

s/Anita B. Brody

_____

ANITA B. BRODY, J.

---

[1]      Wells Fargo's motion to strike identifies numerous paragraphs in the City's Complaint that Wells Fargo contends are "prejudicial, immaterial, and impertinent." Def.'s Mem. Mot. Strike 1, ECF No. 26-1. Under Rule 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." *BJ Energy, LLC v. PJM Interconnection, LLC,* Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.,* 859 F. Supp. 154, 158-59 (E.D. Pa. 1994)). Therefore, motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn. Transfer*, 859 F. Supp. at 158 (internal quotation marks omitted).

Wells Fargo bases much of its argument on how the "Immaterial Allegations" made by the City violate evidentiary rules or will bias Wells Fargo later in the litigation. *See, e.g.*, Def.'s Mot. Strike 14, ECF No. 26-1 ("The City's allegations . . . will bias Wells Fargo during discovery and at trial."); *id*. at 18 ("[The Immaterial Allegations] have no possible relation to the FHA claim and ultimately would be inadmissible under Federal Rules of Evidence 403 . . . , 404(a)(1) . . . and 408(a) . . . ."). This aspect of Wells Fargo's argument is unpersuasive because "rule[s] of evidence . . . do[] not govern pleadings." *Mobile Conversions, Inc. v. Allegheny Ford Truck Sales*, No. 2:12-CV-1485, 2013 WL 1946183, at *6 (W.D. Pa. May 9, 2013). Moreover, if Wells Fargo is concerned about bias during litigation, it may file appropriate motions when those issues present themselves.

Copies **VIA ECF** on _____ to: