IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 2:17-cv-02203-AB |
| WELLS FARGO & CO, and WELLS FARGO BANK, N.A., | : |
| Defendants. | : |

## PARTIES' PROPOSED PHASE ONE DISCOVERY PLAN PURSUANT TO THE COURT'S JANUARY 16, 2018 DISCOVERY ORDER

Pursuant to the Court's January 16, 2018 Discovery Order (ECF No. 60) (the "Discovery Order"), plaintiff City of Philadelphia ("*City*" or "*Philadelphia*") and defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. ("*Wells Fargo*") (collectively, "*Parties*") respectfully submit the following proposed Phase One Discovery Plan. The Discovery Order states that "[d]iscovery will proceed in two phases" and "[p]hase one will address the non-economic injury aspect of the City's claim," and that the "[P]arties will conduct phase one discovery to determine (1) whether Wells Fargo has violated the FHA, (2) whether the City has suffered a non-economic injury because of that violation, [] (3) whether the violation was the proximate cause of that non-economic injury," and (4) "the res judicata issue." The Discovery Order further provides that "[a]fter phase one of discovery, Wells Fargo may file the appropriate dispositive motion on the claim for non-economic injury and the res judicata defense." In accordance with the Discovery Order, the Parties' Proposed Phase One Discovery Plan is limited to covering and providing a schedule for the accomplishment of Phase One discovery and Wells Fargo's dispositive motion on the record developed in Phase One discovery.

**I.     Rule 26(a)(1) Disclosures**

The Parties will exchange Rule 26(a)(1) disclosures on March 8, 2018.

**II.    Discovery Subjects and Depositions**

   **A.  Number of Depositions and Interrogatories:**

**The City** proposes that, in connection with Phase One discovery, each Party may take up to 15 depositions (excluding expert depositions and depositions pursuant to Fed. R. Civ. P. 30(b)(6)) of the opposing Party's officers and employees and no more than 25 depositions total (including third parties but excluding expert depositions and depositions pursuant to Fed. R. Civ. P. 30(b)(6))[1] without leave of the Court. The Parties reserve the right to seek leave for additional depositions as appropriate.

The City's proposed number of depositions is appropriate and proportionate to the needs of the case. The City has identified no fewer than nine Wells Fargo employees by name or title below in advance of any discovery exchange in this case. The fact that the City will pursue depositions of multiple loan officers and underwriters and expects to identify additional witnesses through Wells Fargo's document productions in this matter makes the City's proposal of 15 party depositions (and additional third-party depositions) conservative. Further, Wells Fargo, itself, has identified at least nine witnesses and the City anticipates identifying additional individuals in its Initial Disclosures that are not specifically identified in Wells Fargo's list. Wells Fargo's proposed limitation is, thus, not proportionate to the needs of this case and, instead, appears calculated to block the City from obtaining important discovery. The City asks

---

[1] Wells Fargo takes issue with the City's exclusion of Fed. R. Civ. P. 30(b)(6) designees from the limit of 15 party witnesses. The City's exclusion of Rule 30(b)(6) designees anticipates disputes on whether multiple designees count as one deposition toward the limit. By not considering such designees in connection with the limit, the City's proposals prevent such disputes as well as gamesmanship in designating more individuals than necessary in order to "use up" the opposing party's depositions.

the Court to adopt the City's proposal.

Additionally, the City proposes that the Federal Rules of Civil Procedure govern the number of interrogatories that each party may propound in this case (*i.e.*, limited to 25 total interrogatories per party in the entire case, and no more than 13 in Phase One) and that before the close of all fact and expert discovery for all phases of the case, that interrogatories be limited to factual issues rather than contentions.  Interrogatories are the least efficient means of collecting discovery in litigation.  Wells Fargo proposes, not only an expansion of the limit from 25 interrogatories to 35 interrogatories, but also to have that expanded limit apply only to Phase One of discovery.  The City's proposal to eliminate contention interrogatories during discovery was calculated to eliminate the most burdensome and least efficient form of interrogatory. Regardless, the Federal Rules of Civil Procedure should govern as to the number of interrogatories that may be served because Wells Fargo has not articulated any reason that this case requires a deviation from those limits.

**Wells Fargo** proposes that each party may take 13 depositions in Phase One discovery (exclusive of the depositions of any expert witnesses identified by the Parties in Phase One). Wells Fargo does not agree with the City's confusing proposal to modify the Federal Rules of Civil Procedure to impose a limitation on the number of depositions that is exclusive of a deposition taken pursuant to Rule 30(b)(6),[2] and does not agree with the City that allowing 25 depositions in Phase One discovery is appropriate or proportional.  The City's proposal involves a significant increase in burden beyond that contemplated by the Federal Rules of Civil Procedure associated with preparing and appearing for 25 depositions—a number of depositions

---

[2] In response to the statements made by the City in footnote 1, Wells Fargo agrees that if either party designates more than one person to respond to Rule 30(b)(6) topics, multiple designees count as one deposition toward the numerical limit.  The Rule 30(b)(6) deposition, however, remains subject to the strictures of the Federal Rules of Civil Procedure.

3

well beyond the ten depositions allowed by the Rules. A proper focus on the issues to which discovery has been limited by the Court does not warrant the number of depositions suggested by the City. If later reveals a need for more than 13 depositions the City, or Wells Fargo, can seek appropriate relief from the Court.

Additionally, Wells Fargo proposes that that each party may propound 35 interrogatories in Phase One discovery, and that the use of interrogatories not be restricted beyond what is permissible under the Federal Rules of Civil Procedure. To the extent the City believes, as it states above, that "interrogatories are the least efficient means of collecting discovery in litigation," the City certainly has no obligation to propound interrogatories and may focus its discovery efforts in whatever manner it desires. But the City's proposals to restrict the number of interrogatories that Wells Fargo may propound in Phase One discovery to only 13 interrogatories, and to restrict the subjects of interrogatories, have no support in law.

**The Parties** reserve the right to seek leave of the Court for additional depositions as appropriate. Except as set forth in their respective positions above, the Parties agree that unless stipulated by the Parties or ordered by the Court, Phase One discovery should proceed in accordance with the Federal Rules of Civil Procedure.

    **B.**    **Discovery Subjects:**

**The City** has identified the following subjects for Phase One discovery to the extent known at this time, which are identified for purposes of illustrating, and in no way limiting, the subjects identified by this Court as suitable for Phase One:

- Defendants' policies, practices and procedures concerning mortgage lending applicable to Defendants' operations in the City of Philadelphia;

- Defendants' mortgage lending activities concerning properties in the City of Philadelphia;

- Data on mortgage loans secured by properties in the City of Philadelphia during the relevant time period, including information on borrowers, lending terms, servicing, and defaults;

- Defendants' marketing practices for its mortgage lending activities in the City of Philadelphia;

- Defendants' compensation policies and practices for employees involved in mortgage lending (including, without limitation, loan officers, brokers, underwriters, branch managers, regional executives and compliance team members) in the City of Philadelphia;

- Defendants' fair lending compliance programs, policies and practices;

- Defendants' policies, practices and procedures concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties;

- Defendants' (or third Parties') analyses, reports, studies, or memoranda concerning Defendants' underwriting, originating, purchasing, servicing, pricing, or sale of loans;

- Communications or reports to or of Defendants' Board of Directors (or committee of the Board of Directors) concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties;

- Underlying notes and papers supporting communications or reports to or of Defendants' Board of Directors (or committee of the Board of Directors) concerning mortgage loan servicing, default servicing, foreclosure and real estate owned ("REO") properties

- Defendants' policies, practices and procedures concerning refinancing mortgage loans in the City of Philadelphia;

- Defendants' policies, practices and procedures concerning the pricing of mortgage loan products, including refinance loans, in the City of Philadelphia;

- Defendants' policies, practices and procedures concerning lender credits available to buyers including, without limitation, how the value or price of lender credits are disclosed or marketed to borrowers and the criteria used to determine whether and when to market lender credits to borrowers in the City of Philadelphia;

- To the extent not covered by the above, Defendants' cross-selling policies in the Community Bank;

- Defendants' oversight and control (or lack of oversight and control) of compliance and operational risks and failures of internal controls relevant to the loans in this case;

- Defendants' tracking of delinquencies and defaults of mortgages in the City of Philadelphia;

- Analyses of the effects of foreclosures, vacancies, defaults, or higher interest rates have on nearby properties and/or neighborhoods;

- Federal, state or local government investigations, inquiries, and or enforcement actions concerning Defendants' mortgage underwriting, originating, purchasing, servicing, pricing, or sale of mortgage loans;

- Defendants' revenues derived from mortgage lending in the City of Philadelphia;

- Analyses, reports, or studies concerning Defendants' revenues, potential revenues, losses or potential losses arising out of the delinquencies, defaults, foreclosures, short sales, deed-in-lieu, or similar default-related events in mortgage lending and servicing;

- Document preservation; and

- The City's non-economic injuries.

**Wells Fargo** has identified the following subjects for Phase One discovery:

- Whether Wells Fargo originated any residential mortgage loans secured by real property in the City of Philadelphia that violated the Fair Housing Act.

- Whether residential mortgage lending by Wells Fargo in the City of Philadelphia actually caused any non-economic injury to the City.

- Whether residential mortgage lending by Wells Fargo in the City of Philadelphia proximately caused any non-economic injury to the City.

- The Pennsylvania Human Relations Commission ("PHRC") complaint against Wells Fargo (PHRC Case No. 201000015) and the resolution of the complaint.

**C.** **Depositions:** The Parties have identified the following deponents for Phase One discovery:

**The City.** At this time, the City expects to conduct the depositions of the following

persons as part of Phase One discovery, reserving the right to conduct additional depositions that are relevant to Phase One discovery and proportional to the needs of the case:

1. Claudia Ross Anderson, former Community Bank Chief Risk Officer;

2. Patricia Callahan, former Chief Administrative Officer and head of Operational Risk and Compliance;

3. Matthew Raphaelson, former Community Bank Head of Strategic Planning & Finance;

4. The Lead Regional President in the Community Bank for the Philadelphia region;

5. Loan officers responsible for the issuance of loans in the City of Philadelphia;

6. Employees and executives currently employed within Wells Fargo's various compliance related departments (*e.g.*, Corporate Risk, Audit, and Internal Investigations) including, but not limited to, employees responsible for training loan officers and underwriters on compliance-related issues;

7. Employees responsible for performing underwriting functions for loans in the City of Philadelphia;

8. Employees responsible for Defendants' data collection and data maintenance;

9. Any expert(s) designated by Wells Fargo; and

10. Corporate designee(s) pursuant to Fed. R. Civ. P. 30(b)(6) on topics to be defined.

**Wells Fargo.**  At this time, Wells Fargo expects to conduct the depositions of the following persons as part of Phase One discovery, reserving the right to conduct additional depositions that are relevant to Phase One discovery and proportional to the needs of the case:

- The City of Philadelphia pursuant to Fed. R. Civ. P. 30(b)(6).

- Yet to be identified representatives of the following City departments referenced in the Complaint:
    - Commission on Human Relations;
    - Residential Mortgage Foreclosure Diversion Program.

- Other current and former City employees yet to be identified.

- o The confidential witnesses referenced in the Complaint.
- o Yet to be identified current and former employees of the Pennsylvania Human Relations Commission.
- o Any expert witnesses who may produce a written report on behalf of the City or who may testify for the City.

## III. Pretrial Timetable

Given the complex nature of this litigation and the scope of the Court's Discovery Order directing the first phase of discovery to include subjects concerning the City's claims for non-economic injuries, the Parties believe that a somewhat extended discovery timeline is necessary. As set forth in Section III.A below, the Parties have largely agreed on a Pretrial Timetable for Phase One discovery and dispositive motion practice. The Parties disagree as to whether or not two deadlines proposed by Plaintiff are appropriate subjects for inclusion in the Pretrial Timetable, and each party describes its position in Section III.B below.

### A. The Parties' Agreed Pretrial Timetable

The Parties agree on the following Pretrial Timetable for Phase One discovery and dispositive motion practice:

| Event | Date |
| --- | --- |
| Parties commence Phase One discovery | March 1, 2018 |
| Parties serve Rule 26(a)(1) disclosures | March 8, 2018 |
| Deadline for Parties to serve requests for production, requests for admissions, and interrogatories | September 19, 2018 |
| Close of fact discovery concerning the City's non-economic injury claims | November 2, 2018 |
| Parties to serve opening expert reports | January 10, 2019 |
| Parties to serve rebuttal expert reports | February 14, 2019 |
| Deadline for Parties to conduct expert depositions | February 28, 2019 |

| | |
|---|---|
| Parties to complete mediation and file mediation report with the Court | February 28, 2019 |
| Parties to file any Daubert motion(s) for expert opinions concerning the City's non-economic injury claims | March 8, 2019 |
| Parties to file any motions for summary judgment | March 14, 2019 |
| Opposition briefs to any Daubert motion(s) | April 5, 2019 |
| Reply briefs in support of any Daubert motion(s) | April 24, 2019 |
| Opposition briefs to any motions for summary judgment | May 6, 2019 |
| Reply briefs in support of any motions for summary judgment | May 31, 2019 |
| Surreply briefs in opposition to any motions for summary judgment | June 20, 2019 |

**B. Disputed Pretrial Deadlines**

**The City.**

The City has proposed two interim deadlines for discovery in the Pretrial Schedule to which Wells Fargo will not agree. Specifically, the City has proposed a deadline by which Wells Fargo would be required to produce data in response to the City's First Set of Requests for Production of Documents ("RFPs") that were served on January 26, 2018,[3] and a deadline by which both Parties shall certify substantial completion of document productions.

The City proposed March 23, 2018 as a deadline for the production of data in this matter based on Wells Fargo's prior contention to this Court that it could produce loan data for a two year period within *two weeks* of the commencement of discovery, ECF No. 54 at 6. The City

---

[3] Wells Fargo complains that such a deadline imposes an asymmetrical discovery burden on Wells Fargo. Wells Fargo has not indicated at any time that it will seek data from the City in connection with Phase One of discovery in this case. If Wells Fargo were to so indicate, the City would be willing to negotiate a deadline by which the City would be willing to respond with production.

9

believes that its proposal, which provides nearly *two months* from the date of the City's RFPs, is reasonable. Wells Fargo complains that the loan data it previously offered was "limitations-period loan data," (emphasis omitted) but, despite the City's requests during meet-and-confer teleconferences, Wells Fargo has declined to offer any basis for why the number of years of data requested presents a significant additional burden beyond generalized assertions such as "every additional year constitutes additional burden."[4] Regardless, the City has been and remains willing to negotiate an appropriate deadline. The issue on which the Parties have reached an impasse, however, is not whether the City's proposal of March 23, 2018 provides enough time, but rather whether any deadline should apply at all. Wells Fargo asserts, without basis or support, that no deadline should apply. As discussed herein, Wells Fargo's resistance to such a deadline is inappropriate.

The City proposed June 8, 2018 as a deadline for the Parties to certify substantial completion of document productions. This deadline does not prevent a Party from seeking (1) additional documents through newly served discovery requests after that date but before the

---

[4] Today, Wells Fargo filed its second motion to limit the time period for discovery. This new motion is based on its contentions that (1) a four year discovery period is all that is relevant to limitations period conduct, and (2) that Wells Fargo's lending changed in significant and fundamental ways in the wake of the financial crisis. ECF No. 64. As to the first basis, the Court has already denied Wells Fargo's effort to bifurcate discovery on statute of limitations issues. *See* ECF No. 57. Wells Fargo asserts that the "Court left open the question of the proper temporal scope of Phase One discovery…." *See infra*, citing ECF No. 57 at 13. To the contrary, the Court provided an outline for how this litigation will proceed in two phases. Neither phase imposes any limitation on the temporal scope of discovery for the phase, indicating that in denying Wells Fargo's prior motion to bifurcate on statute of limitations grounds, the Court made it clear that the City is entitled to prove its case using discovery from throughout the relevant time period. Thus, Wells Fargo's motion to impose a blanket temporal limitation based on the relevance of discovery from the early years of the relevant time period has already been decided. As to the second basis, Wells Fargo cannot deprive the City of discovery based on self-serving and unilateral statements that Wells Fargo's "lending experienced a seismic shift since the financial crisis." In fact, discovery from the full period for Phase One will test precisely that assertion. In any event, the City will respond to this motion according to the timelines set forth in the Local Rules.

September 19, 2018 deadline for serving discovery requests, or (2) an extension to produce documents after that date for good cause shown. Again, although the City repeatedly stressed its willingness to negotiate and agree to dates that the two Parties could abide by, Wells Fargo has refused to agree to any deadline whatsoever.

Such deadlines are routinely agreed to by parties in complex litigation due to the need to obtain documents and data, analyze such productions, and proceed with depositions using the opposing parties' productions. In light of Wells Fargo's track record in related litigation, such deadlines are especially important in this case, and Wells Fargo's refusal to agree to them is troubling. Indeed, in a similar case brought by the City of Miami Gardens in the United States District Court for the Southern District of Florida, *see City of Miami Gardens v. Wells Fargo & Co.*, No. 1:14-cv-22203 (S.D. Fla.), Wells Fargo did not produce any documents until two days prior to the end of discovery in the first discovery phase, and even then, Wells Fargo's production was deficient, producing a mere 313 documents. Due to the extreme delay in production and the impending discovery deadline, the City of Miami Gardens was forced to take depositions without the benefit of Wells Fargo's document production.

The City of Philadelphia seeks to avoid being put in a similar position. On January 26, 2018, the City served its RFPs which contained a specific request containing the data points for which the City seeks data, and also Requests on a wide range of subjects (as set forth *supra*, Section II.B) as limited by the Court's Discovery Order, ECF No. 60. The City endeavored to negotiate a date by which Wells Fargo would (1) produce data in response to the specific request for data, and (2) produce documents in response to the remainder of the RFPs. Wells Fargo has refused to consider any deadline whatsoever without explanation or counterproposal for ensuring that the Parties have documents and data with sufficient time to prepare for and complete

depositions by the fact discovery deadline in the Pretrial Schedule. The City requests that the Court adopt the City's proposed deadlines or other dates as the Court sees fit.

**Wells Fargo**.

Plaintiff has proposed that the Pretrial Schedule include deadlines by which Wells Fargo must produce loan data and the Parties must certify substantial completion of the production of documents. Wells Fargo disagrees that it is appropriate, necessary, or even logical to include either of these deadlines in the Pretrial Schedule.

First, as to the proposed deadline by which Wells Fargo must produce loan data, by the terms of this document discovery commences on March 1, 2018. Wells Fargo will respond to properly propounded requests for production of data and documents in accordance with the provisions of Rule 34 of the Federal Rules of Civil Procedure. There is no reason to alter the normal application of Rule 34. Moreover, Rule 34 applies equally to plaintiffs as defendants, and imposing such a deadline without a corresponding deadline for Plaintiff to produce data would impose an entirely asymmetrical and thus unwarranted discovery burden on Wells Fargo. In response to statements made by the City above, Wells Fargo disputes that valid discovery has or could have been served, and clarifies that it previously offered an expedited production of **limitations-period loan data** as part of a proposal to limit Phase One discovery to the two year limitations period, but that offer and proposal was rejected by the City. The Court left open the question of the proper temporal scope of Phase One discovery, holding only that "the City must, at least, be given the opportunity to examine a longer range of time than two years" (ECF No. 57 at 13). Because the parties have not been able to reach agreement, Wells Fargo has raised the issue in its contemporaneously-filed Motion to Set a Phase One Discovery Time Period of Twice the Applicable Statute of Limitations to Allow Discovery into Relevant Background Events

[ECF No. 64].  The resolution of the motion will likely guide the scope of the production, and the timing for production is guided by the Federal Rules of Civil Procedure.

Second, the proposed deadline to certify substantial completion of the production of documents directly conflicts with other pretrial deadlines to which the parties have agreed.  The Pretrial Schedule permits service of written discovery requests, including requests for production of documents, until September 19, 2018.  There is no reason to limit the Parties' use of Rule 34 during the period permitted for fact discovery.  The City badly misstates the course of discovery proceedings in a parallel lawsuit pending in the Southern District of Florida styled *City of Miami Gardens v. Wells Fargo & Co.*, No. 1:14-22203, where the district court approved of Wells Fargo's discovery and unequivocally "adjudged that the Plaintiff's Motion to Compel Good Faith and Timely Responses to Plaintiff's First and Second Sets of Requests for Production and to Strike Defendants' Objections is DENIED," ECF No. 190 at 2 (emphasis in original).

### IV.     Alternative Dispute Resolution

The Parties agree to mediate the case and file a mediation report with the Court on or before February 28, 2019.

### V.     Other Pretrial Issues

The Parties anticipate jointly moving for:

(1)     A protective and confidentiality order to permit them to designate information and documents as confidential, proprietary, or private and to restrict the disclosure and use of such information and documents to the prosecution or defense of the claims asserted in this action, while at the same time protecting the public right of access to judicial materials and ensuring against the mass or routine designation of confidentiality.  The terms of the Parties' proposed protective and confidentiality order will not bind the Court, and the Court may alter its

terms *sua sponte*.  The Parties anticipate submitting their proposed protective and confidentiality order to the Court.

        (2)     The Parties have reached agreement on a proposed stipulation concerning the format and conduct of discovery of Electronically Stored Information ("ESI"). The Parties shall submit their ESI stipulation to the Court.

Respectfully submitted,

| /s/ Sherrie R. Savett | /s/ Alexander D. Bono |
|---|---|

Sherrie R. Savett (PA ID 17646)
ssavett@bm.net
Sarah Schalman-Bergen (PA ID 206211)
sschalman-bergen@bm.net
Patrick F. Madden (PA ID 309991)
pmadden@bm.net
Christina M. Black (PA ID 323781)
cblack@bm.net
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Rachel Geman (pro hac vice)
rgeman@lchb.com
Daniel E. Seltz (pro hac vice)
*dseltz@lchb.com*
John T. Nicolaou (*pro hac vice*)
*jnicolaou@lchb.com*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street
8th Floor
New York, NY 10013
212-355-9500

Robert Peck (*pro hac vice*)
*robert.peck@cclfirm.com*
**CENTER FOR CONSTITUTIONAL LITIGATION, P.C.**
50 Riverside Boulevard
Suite 12A
New York, NY 10069
202-944-2874

Erwin Chemerinsky (*pro hac vice*)
*echemerinsky@law.berkeley.edu*
**SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP**
11543 W. Olympic Blvd.
Los Angeles, CA 90064
310-396-0731

Alexander D. Bono (PA 25845)
Michael S. Zullo (PA 91827)
Lynne E. Evans (PA 313479)
William Shotzbarger (PA 320490)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
abono@duanemorris.com
mszullo@duanemorris.com
leevans@duanemorris.com
wshotzbarger@duanemorris.com

Paul F. Hancock (admitted *pro hac vice*)
Olivia Kelman (admitted *pro hac vice*)
**K&L GATES LLP**
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131-2399
Tel: (305)539-3378
Paul.Hancock@klgates.com
Olivia.Kelman@klgates.com

Andrew C. Glass (admitted *pro hac vice*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3107
Andrew.glass@klgates.com

*Attorneys for Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.*

Joel Liberson (*pro hac vice*)
*joel@taresources.com*
**TRIAL & APPELLATE RESOURCES, P.C.**
3655 Torrance Blvd., 3rd Floor
Torrance, CA 90503
(917) 848-3218

Sozi Pedro Tulante, City Solicitor
Marcel S. Pratt, Chair, Litigation Group
Eleanor N. Ewing, Chief Deputy Solicitor
Benjamin H. Field, Deputy City Solicitor
**CITY OF PHILADELPHIA LAW DEPARTMENT**
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5000
sozi.tulante@phila.gov
marcel.pratt@phila.gov
eleanor.ewing@phila.gov
benjamin.field@phila.gov

*Attorneys for Plaintiff City of Philadelphia*

*Dated:* February 19, 2018

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February, 2018, a true and correct copy of the **PARTIES' PROPOSED PHASE ONE DISCOVERY PLAN PURSUANT TO THE COURT'S JANUARY 16, 2018 DISCOVERY ORDER** was served by via the United States District Court CM/ECF system on all persons requiring notice.

By: /s/*Sherrie R. Savett*